LOTTINGER, Judge.
Petitioner, Lillian Willis, filed suit for damages resulting when she slipped and fell down a flight of stairs in the State Capitol Building at Baton Rouge, Louisiana. The defendant is The Structural Waterproofing Corporation and its insurer United States Fidelity and Guaranty Company. Maryland Casualty Company, the compensation insurer for the State of Louisiana, Division of Buildings, intervened and asked for payment of funds expended by it as medical expenses for the petitioner, no compensation payments had been made by the intervenor. The Lower Court awarded judgment in favor of defendant and dismissed petitioner’s suit. The petitioner has taken this appeal.
The facts show that for several years the petitioner had worked for the State of Louisiana. Her duties placed her in the State Capitol Building as a maid to clean water fountains, dust furniture, inspect rest rooms and to perform other similar cleaning jobs.
Several months prior to the alleged accident the Structural Waterproofing Corporation contracted to clean and waterproof the Capitol Building. The cleaning of the building was to be performed by sandblasting, which operation consisted of forcing fine grain sand under pressure against the outer walls of the building and thereby removing stains and discoloration. Up to the sixth floor the sand which had been used in the mechanism had been pulled up on the outside of the building but from the sixth floor up, because of the design of the building, the consent of the State authorities was obtained to carry the sand up in elevators. The sand would then be carried in buckets out a window and to the mechanism used for sandblasting.
The evidence shows that during the operation some sand was spilled on the *919 floor of the building and that sand also entered the building through crevices and cracks because of the tremendous pressure under which it is discharged from the sandblasting machinery.
On April 23, 1955, while engaged in her cleaning activities, the petitioner slipped on the stairway between the twelfth and thirteenth floors and fell half the distance between said floors to a landing. She claims that as a result of said fall she received various injuries to her arm and back, and sues for damages in the amount of $20,000.
The defendant answered claiming that it was guilty of no negligence and in the alternative claimed that the petitioner was guilty of contributory negligence. The in-tervenor seeks the refund of $100 paid by it as medical expenses. The Lower Court gave judgment for defendant and the petitioner has appealed.
Mr. Warren Holden, the Superintendent of the State Capitol Building, at the time of the accident testified on behalf of petitioner. He testified that during the operation of sandblasting there was a fine film of sand on about every floor of the building. He stated that it was impossible to keep it out of the building. He further stated that the employees had safety meetings every month, and that they had been warned to use caution because of the sandy conditions. Mr. Holden testified that he went to the gcene of the alleged accident immediately after it happened- and that there was some gand present, however, he did not see any water on the stairs. From Mr. Holden’s testimony it does not appear that there was any more sand present at this particular spot than there was in other places in the building.
The petitioner herself testified that she was well acqainted with the condition of the building. She stated that she saw sand on the floor, that she knew sand was all over the building, and that she had been careful to exercise caution because of the sandy condition. According to petitioner, the whole place was full of sand and water.
There was several other witnesses who testified as to the condition of the building. The work had started some seven months prior to the time of the alleged accident, and all persons working in the building were well acquainted with the situation. Several of the witnesses testified that they did not feel that it was possible to keep sand from entering the building. The superintendent of the building stated that in his opinion the contract was being performed in a prudent and workmanlike manner.
The Lower Court held that the petitioner failed to prove any negligence on the part of the defendant. The Lower Court also stated that if the defendant was guilty of any degree of negligence, then petitioner must be held contributorily negligent.
Under the circumstances of the case, we fully agree with the conclusion of the Lower Court. The building superintendent, as well as others, testified that the work was being performed in a prudent manner. The building superintendent further testified that he inspected the scene of the accident and saw no water present, although he did see a fine mist of sand which was present all over the building. The petitioner herself testified that she was well acquainted with the situation and had been very careful to exercise due caution because she did not want to hurt herself. Although it might well have been the sandy condition to cause petitioner to slip, we do not feel that she was exercising due caution at the time.
We fail to find any error in the judgment of the Lower Court and its judgment will be affirmed. All costs of this appeal to be paid by petitioner.
Judgment affirmed.